UNITED STATES of America,
Plaintiff,

v.

Herbert A. DANIELS, Defendant.

No. 99–40099–01–DES.

United States District Court,
D. Kansas.

Aug. 8, 2000.

Thomas J Kenney, Kutak Rock LLP, Omaha, NE, Gregory B. Hancks, Leslie A. Greathouse, Kutak Rock LLP, Kansas City, MO, Alan D. Strasser, Kutak Rock, Washington, DC, for Herbert A. Daniels, defendants.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for U.S. Attorneys.

## MEMORANDUM & ORDER

SAFFELS, Senior District Judge.

This matter is before the Court on the government's motion to admit the signed statement of Dolores Gay, Government Exhibit 24–D, under Federal Rule of Evidence 807, the residual hearsay exception. Having heard evidence and argument on August 7, 2000, and having admitted the statement, the Court makes the following formal findings under Rule 807.

The statement of Dolores Gay has circumstantial guarantees of trustworthiness sufficient to warrant its admission into evidence. The circumstances surrounding the taking of the statement indicate that it is the witness' statement, and not the statement of government agents. Additionally, the October 26, 1999, written statement is consistent in all material respects with the July 1999 interview Agent

Bird conducted with the witness. Finally, the statement of Dolores Gay is entirely consistent with the live testimony of numerous other witnesses in this case who have detailed what they believe to be false statements in their medical records, including false statements the defendant allegedly placed in letters he wrote to other physicians. The statement of Dolores Gay is consistent with the live testimony of numerous other witnesses in this case that the defendant: (1) recorded symptoms in these letters which they did not report to him; (2) had spoken with the patient about risks of surgical procedures, when the patients deny such statements from the defendant; (3) had spoken with the patient about complications of surgical procedures, when the patients deny such statements from the defendant; (4) had offered alternatives other than surgery to the patient, when the patients deny that alternatives were discussed or offered; and (5) had described the procedures he intended to perform, when the patients denied knowing about all the procedures the defendant intended to perform.

The government offered the statement of Dolores Gay as evidence of a material fact, namely, evidence in support of the allegations in Count 24 of the Indictment that the defendant placed false information in the medical records of patient Dolores Gay in an attempt to justify the surgical procedures recommended. Dolores Gay's statement indicated that a letter dated February 25, 1999 from the defendant to Dr. Palmeri was false in several respects, including: (1) stating that the patient had a hoarse and raspy throat when she did not have this symptom and did not report it to the defendant; (2) stating that the defendant discussed three procedures with the patient—microlaryngoscopy, excision of the lesion, and esophagoscopy—when the patient claims the defendant never mentioned these procedures to her; (3) stating that the defendant had discussed risks and complications and alternatives, when the patient claims the defendant did not discuss these issues with her; and (4) stating that she wished to proceed with the procedures, when the patient did not know until the investigation that the procedures had actually been scheduled.

The written statement of Dolores Gay, Government Exhibit 24–D, is more probative on the point for which it is offered than any other evidence which the government could procure through reasonable efforts. The government attempted, to no avail, to get Ms. Gay to testify in Topeka. However, Ms. Gay is physically impaired due to a recent stroke; is not capable of independent living, and is instead living with a neighbor; and as recently as Thursday, August 3, 2000, stated to Agent Troy Bird her physical inability to serve as a witness. Government Exhibit 24–E, letters from Ms. Gay's physician, outlined the serious debilitating effects of her recent stroke and her physical infirmities. No person other than Ms. Gay could identify the false statements in her medical records. Consequently, her written statement is the most probative evidence available on this issue.

The general purposes of the Federal Rules of Evidence and the interests of justice will be served by the admission of Dolores Gay's statement into evidence. The circumstances surrounding the taking of the statement, its consistency with the witness' prior interview with Agent Bird, and its consistency with other witnesses' testimony in this case, sufficiently guarantees the statement's trustworthiness such that its admission would aid the jury's search for the truth and thus serve the ends of justice.

The court therefore admitted the statement of Dolores Gay in the interests of justice under Federal Rule of Evidence 807 as trustworthy, probative evidence of a material fact.

■ The court also finds that the admission of Dolores Gay's written and signed statement does not violate defendant's rights of confrontation. The court is satisfied that Dolores Gay's recent stroke rendered her physically unavailable for trial and that the government made reasonable efforts to make her available for trial.

The Confrontation Clause's requirement that a statement bear adequate indicia of reliability is similar to Rule 807's requirement of a guarantee of trustworthiness. The totality of the circumstances in this case, including the situation in which the statement was made, renders the declarant particularly worthy of belief such that the cross-examination proposed by the defendant would be of marginal utility. To date, the defense team's cross-examination of patient witnesses has not created a question as to the reliability of any patient's testimony concerning the false statements the defendant allegedly made in medical records.

 Finally, even if the admission of Dolores Gay's statement is error under the Confrontation Clause, any such error is harmless given the cumulative nature of the information in Dolores Gay's statement, and its consistency with other testimony at trial, as discussed above.